THOMAS G. HOLMAN v. GEORGE H. HOPKINS AND WIFE.

It is now well settled that the law of the actual domicil of a testator is to govern in relation to his testament of his personal property, whether such property be situated in the State of his domicil, or in a foreign country.

But, with respect to the real property of the testator, the law of the place where the property is situated, governs not only as to the capacity of the testator and the extent of his power to dispose of the property, but, also, as to the forms and solemnities necessary to give to the will its due attestation and effect.

It seems, therefore, that a will which is not valid to pass the title to personal property, because not executed according to the law of the testator's domicil, will yet be valid and effectual to devise real property situated in this State, if it was duly executed according to the requisitions of the law of this State.

ERROR from Red River. Tried below before the Hon. William S. Todd.

This cause originated in the County Court of Red River county, being an application by the plaintiff in error for the probate of the last will and testament of Sally Holman, deceased. The testatrix was a resident of the county of Goochland, in the State of Virginia, where her will was executed on the 1st day of March, 1852. By this will the testatrix devised all of her property, real and personal, to several of her children, of whom the plaintiff in error was one; and to her daughter, Elizabeth Sarah Hopkins, one of the defendants in error, she bequeathed one dollar. The latter, with her husband, contested the probate of the will.

The bulk of the property mentioned in the will consisted of land and negroes in Red River county, in this State. The will was subscribed by two witnesses; but it appeared by their evidence that they were not both present at the same time witnessing the execution of the will, nor did they sign as witnesses in the presence of each other. For which reason the will was invalid, according to the law of Virginia.

The County Court having refused to admit the will to probate, the plaintiff in error removed the cause by certiorari to the Dis-

Holman v. Hopkins.

trict Court, where, at the July term, 1859, a similar judgment was rendered, from which the cause is brought up by writ of error.

*J. J. Dickson*, for plaintiff in error.

*Murray*, for defendants in error.

Wheeler, C. J.—The only question presented by the record, is whether the will of Mrs. Holman, executed in Virginia, the place of her domicil, according to the laws of this State, though it may be not according to the law of Virginia, should be admitted to probate.

It is now the well settled doctrine that the law of the actual domicil of a testator is to govern in relation to his testament of personal property, whether the property is situated within the domicil of the testator, or in a foreign country. (Story's Conflict of Laws, sec. 467 ; 1 Jarman on Wills, 3.) But in respect to the real property of the testator, the place where the property is situated is to govern not only as to the capacity of the testator, and the extent of his power to dispose of the property, but as to the forms and solemnities to give the will its due attestation and effect. (Story's Con. L., sec. 474 ; 1 Jarman on Wills, 1.) " And hence," says Mr. Jarman, " the place where the will of immovable property happens to be made, and the language in which it is written, are wholly unimportant as affecting both its construction and the ceremonial of its execution ; the locality of the devised property is alone to be considered." (1 Id., 2.)

It seems, therefore, that the will, though not valid to pass the title to the personal property of the testatrix because not effectual, according to the law of her domicil, will be valid and effectual to transfer the title to her real property situated in this State, having been duly executed according to all the formalities required by our law. It appears from the evidence that the testatrix had real property situated in this State, and that the will was made with a view to effect the disposition of her property here situated.

The will being valid according to the law of this State, the court erred in refusing to admit it to probate ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.