CARPENTER *v.* BELL.

(*Nashville.* February 26, 1896.)

WILLS. *Married woman's capacity to will realty governed by lex rei sitæ.*

The capacity of a married woman to devise land is to be deter mined by the *lex loci rei sitæ,* and not by the law of the state of the testatrix's residence.

Cases cited and approved: Williams *v.* Saunders, 5 Cold., 60; 46 N. Y., 144; 70 Wis., 19.

FROM MACON.

Appeal from Chancery Court of Macon County. T. J. FISHER, Ch.

T. E. FOUST, W. C. GOAD, and S. F. WILSON for Carpenter.

I. L. ROARK and J. J. TURNER for Bell.

BEARD, J. The will which is the subject of this litigation, was executed by a *feme covert*, who was, at the date of its execution as well as at the time of her death, a resident of the State of Kentucky, and by it the testatrix undertakes to dispose of real property in this State. Notwithstanding all

Carpenter v. Bell.

the formalities required by our statutes to validate such a will have been observed in this case, yet it is insisted that, as the law of Kentucky incapacitates a married woman from making a disposition of such property by last will and testament, this incapacity follows the instrument into this State and defeats the devise of realty located here. The bill in this cause is filed on this theory.

This contention is unsound, as is well settled by the authorities. As to immovable property, the rule is that the *lex rei sitæ* governs as to the capacity or incapacity of the testator, the extent of his power of disposition, and the forms and solemnities necessary to give the will its due authority and effect. Pritchard on Wills, Sec. 53; *Williams* v. *Saunders*, 5 Cold., 60; Rorer on Int. Law, ·288, note; Story on Con. of Laws, Sec. 474; *White* v. *Howard*, 46 N. Y., 144; *Ford* v. *Ford*, 70 Wis., 19.

The result is, that the decree of the Chancellor dismissing complainant's bill will be affirmed with costs.