ROACH *v.* KNAPPENBERGER.

Opinion delivered December 20, 1926.

1. ADVERSE POSSESSION—SUBORDINATION TO UNITED STATES.—The general rule is that one claiming title by adverse possession in subordination only to the United States may assert such possession as against another claimant.

2. ADVERSE POSSESSION—POSSESSION CONSISTENT WITH THAT OF ANOTHER.—Possession of land by one who recognizes the title of another thereto may be adverse as against the true owner.

3. JUDGMENT—CONCLUSIVENESS AS TO STRANGER.—One acquiring possession of land before applying to the United States for a homestead right therein was not precluded from claiming adverse possession in the land by a judgment adverse to the United States in a suit against another, to which he was not a party, though he afterwards acquired knowledge of such suit.

Appeal from Mississippi Circuit Court, Chickasawba District; *G. E. Keck,* Judge; reversed.

This is an action of ejectment by appellee against appellant to recover the possession of a tract of land in the Chickasawba District of Mississippi County, Arkansas, described in the complaint. Appellee showed a clear paper title to the land. Appellant pleaded title by adverse possession under the statute of limitations.

The record shows that the Holly-Matthews Manufacturing Company conveyed the land to Jake and Alvin Huffman. They reconveyed the land to the Holly-Matthews Manufacturing Company, and it, in turn, conveyed it to appellee. In 1913 the United States Government brought suit in an Arkansas Federal court against the Holly-Matthews Manufacturing Company, which, at that time, had the paper title to the land, to recover possession of it. In May, 1918, the suit was decided adversely to the United States, and the title to the land was decreed to be in the Holly-Matthews Manufacturing Company. In the early part of 1915 appellant purchased from a man by the name of Carroll certain improvements which he had constructed upon the land in question and entered into possession of it. On June 14, 1915, appellant received a certificate of entry and receipt from the United States Land Office at Little Rock, Arkansas. This was after he had entered into possession of the said land.

According to the testimony of appellant, he has lived on the land since that time and has had the same at all times inclosed with a fence. He made improvements on the land of the value of $700. He denied that he in any manner recognized the title of the Huffmans, and testified that he had held the actual and exclusive possession of said land against all the world except the United States Government.

Evidence was introduced by appellee tending to show that appellant had agreed with Jake Huffman to make improvements on the land, and that, if he lost title to the land, he might remove the improvements from the land. Other facts will be stated or referred to in the opinion.

The court directed the jury to return a verdict against the appellant. The case is here on appeal.

*Nelson & Crawford,* for appellant.

*C. A. Cunningham,* for appellee.

HART, J., (after stating the facts). According to the testimony of appellant, he entered into the possession of the land involved in this suit in the early part of 1915, and held the actual and exclusive possession of it against all the world except the United States for more than seven years before this suit was brought, and had the possession of the same when the suit was commenced on the 20th day of May, 1924.

In a case-note to 20 Ann. Cas. 538, and in 31 L. R. A. (N. S.) 153, it is said that the general rule is that one claiming title by adverse possession in subordination only to the United States may assert such possession as against another claimant. It is said that the decisions rest upon the theory that it is not absolutely necessary that adverse possession should be held against the whole world in order to enable one claiming by it to assert it against another claimant; and further, that, as the statute of limitations can never run against the United States, unless by express statute, a holding in subordination to the United States, but adversely to everybody else, cannot be deemed to be inconsistent. The soundness of the rule has been recognized by the Supreme Court of the United States. *Iowa R. Land Co.* v. *Blumer,* 206 U. S. 482. Other cases on both sides of the question from the courts of last resort of various States may be found cited in the case-notes just referred to.

In *Clemens* v. *Runckel,* 34 Mo. 41, 84 Am. Dec. 69, it was held that a party's possession is adverse to the true owner when he enters and holds actual, open, uninterrupted and notorious possession of land to which he expects to acquire title by preemption whenever the land should be brought into market. It was said that such possession will ripen into an absolute title at the expiration of the time provided by the statute of limitations.

In *Hayes* v. *Martin*, 45 Cal. 559, it was held that it was not requisite that a party who relies upon the statute of limitations should show that he claims title in hostility to the United States. It was said that he might admit title in the United States, either with or without a claim on his part of the right to acquire the title from the United States, and that it was sufficient if he had such possession as is required by the statute and claims in hostility to the title which the plaintiff might establish in the action.

It has been held by this court that the possession of land by one who recognizes the title of another thereto may nevertheless constitute an adverse holding as against the true owner. *Skipwith* v. *Martin,* 50 Ark. 141, 6 S. W. 514.

In discussing the question the court said: "It is urged that a defendant, claiming by possession as against the plaintiff in ejectment, must not only show that he has held adversely to the plaintiff during the period of limitation, but that he must go further and show a possession 'exclusive of the title of any other person.' The statement of this proposition arouses our skepticism at once, and, when we look into the numerous authorities cited to support it, we are not surprised to find that the cases do not justify the argument on this point. It is most broadly asserted in *New Orleans & S. R.* v. *Jones,* 68 Ala. 48, but the proper qualification is made in the later case of *Dothard* v. *Duncan,* 75 Ala. 482. So, if it were conceded, as appellants contend, that the possession of the county was not adverse to the original proprietors, it would not follow that the appellee could not claim the statute bar as against Beebe and his heirs."

The reason is that the adverse holding need not be against the whole world to put the statute of limitation in motion, but the term is used to impart notice.

But it is insisted that, even under this rule, the circuit court did not err in directing a verdict in support of appellee, for the reason that appellant would be precluded from claiming title by adverse possession by reason of

the suit of the United States against the Holly-Matthews Manufacturing Company to assert title to said land. The record shows that appellant acquired possession of the land before he applied to the United States for a homestead right therein. It is true that evidence was introduced tending to show that he afterwards acquired knowledge of the pendency of the suit in the Arkansas Federal court, but appellant was not a party to that suit and was not bound by the proceedings thereunder. His rights could not be affected by a suit to which he was not made a party. If he had acquired possession of the land from the United States during the pendency of the suit, he would be affected by the disposition of it; but, having acquired possession before he applied to the United States for a preemption right, he was not in any wise affected by the holding in that case.

The result of our views is that the circuit court erred in directing a verdict for the appellant and for that error the judgment must be reversed, and the cause remanded for a new trial.