NUMBER 13-99-400-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


 IN THE MATTER OF THE ESTATES OF


LUCINDA GARCIA-CHAPA AND IRMA GARCIA-CHAPA,

DECEASED

____________________________________________________________________


On appeal from the County Court at Law No. One


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez



 This case comes out of the administration of two estates that hold
funds in thirty-one accounts in eight banks in and around Brownsville,
Texas. The contested property was owned by two sisters who died in
Mexico. Appellant Magdalena García-Chapa de Rosas complains on
appeal (1) that the trial court should have applied the law of the
domicile of the decedents or (2) that the trial court should have abated
the appeal until the courts of the domicile of the decedents decided the
issues in controversy in parallel litigation over the same property. The
appellee in this case is María de la Luz Carlota García Tyner,
administratrix of the estates of Lucinda García-Chapa and Irma García-Chapa. Because appellant did not follow the proper procedural
requirements to apply foreign law, we affirm the judgment of the trial
court.

 This case has been in Texas courts since 1997 and in Mexican
courts for a similar amount of time. On August 27, 1998 the case first
went to trial in Texas and the trial court signed a judgment declaring
heirship. On November 2, 1998 the trial court granted appellant's
motion for new trial. On January 15, 1999 appellant filed a motion to
abate the trial and a motion to provide notice of foreign law. On
January 20, 1999 the trial court set the case for trial on February 11,
1999. The case went to trial again on February 11, 1999. 

 The laws of the domicile of a person who dies intestate control in
the succession of movable or personal property of his estate. Van
Hoose v. Moore, 441 S.W.2d 597, 617 (Tex. Civ. App.--Amarillo 1969,
pet. ref. n.r.e.); Saner-Ragley Lumber Co. v. Spivey, 238 S.W. 912, 915
(Tex. Comm'n App. 1930, judgm't adopted); see Owen v. Younger, 242
S.W.2d 895, 898 (Tex. Civ. App.--Amarillo 1951, no writ) ("It is now the
well settled doctrine that the law of the actual domicile is to govern in
relation to his testament of personal property, whether the property is
situated within the domicile of the testator or in a foreign country."); cf.
Lanius v. Fletcher, 101 S.W. 1076, 1077 (Tex. 1907) (the principle that
the law of the testator's domicile governs the disposition of personal
property does not apply where it is clear that the testator of a will had
in mind the law of another jurisdiction, in which the property was
located) Here the decedents were domiciled in Mexico and died
intestate.

 Texas courts may apply Mexican law. Gardner v. Best Western
Int'l. Inc., 929 S.W.2d 474, 479 (Tex. App.--Texarkana 1996, writ.
denied); see Nevarez v. Bailon, 287 S.W.2d 521, 522-23 (Tex. Civ. App.--El Paso 1956, writ ref'd) (application of Mexican law to determine
heirship). Choice of law questions are questions of law to be decided
by the trial court. See Duncan v. Cessna Aircraft Co., 665 S.W.2d 414,
420 (Tex. 1984).

 The lex loci delicti(1) and other traditional rules applying the law of
the location of the property in question have been rejected in favor of
the "most significant relationship" approach set forth in the
Restatement (Second) of Conflict of Laws. Guiterrez v. Collins, 583
S.W.2d 312, 316-18 (Tex. 1979); see Restatement (Second) of Conflict
of Laws § 6 (1971). Section 6 of the Restatement, provides the
following principles:

(1) A court, subject to constitutional restrictions, will follow
a statutory directive of its own state on choice of law. 


(2) When there is no such directive, the factors relevant to
the choice of the applicable rule of law include:


 (a) the needs of the interstate and international
systems,

 (b) the relevant policies of the forum,

 (c) the relevant policies of other interested states and
the relative interests of those states in the
determination of the particular issue,


 (d) the protection of justified expectations,

 (e) the basic policies underlying the particular field of
law,

 (f) certainty, predictability and uniformity of result, and

 (g) ease in the determination and application of the law
to be applied.


Id. at 318-19.

 Here, the decedents are Mexican nationals who resided in Mexico
their entire lives, died in Mexico, and, aside from the funds before the
trial court, only owned property in Mexico. Due to the large amount of
Mexican and other foreign capital in Texas banks, it is important for us
to maintain a stable system to resolve disputes over such assets. Texas
courts should not interrupt foreign disputes over foreign capital which
is located in Texas. See Alberquerque Nat'l. Bank v. Citizens Nat'l Bank
in Abilene, 212 F.2d 943, 948-49 (5th Cir. 1954). The funds in question
are the only connection between the decedents and Texas. Since the
factors listed in the Restatement support the application of Mexican law
to this controversy, this is therefore a case where substantive Mexican
law should be applied.

 However, Mexican law cannot be applied to this case because
appellants did not follow the procedures required by Texas law. The
Texas Rules of Evidence state, 

A party who intends to raise an issue concerning the law of
a foreign country shall give notice in the pleadings or other
reasonable written notice, and at least 30 days prior to the
date of trial such party shall furnish all parties copies of any
written materials or sources that the party intends to use as
proof of the foreign law. 


Tex. R. Evid. 203. If a translation of the foreign law is necessary, the
translation must be served on all parties forty-five days before trial. Tex.
R. Evid. 1009. The Texas Rules of Civil Procedure require a trial court
to give "reasonable notice" of the trial date in a case reset after the first
setting of a trial and at least forty-five days notice before a first setting
of a trial. Tex. R. Civ. P. 245. 

 Appellant provided notice of intent to apply Mexican law and a
translation of the Mexican law seven days before the trial court set the
case for the second trial. The trial court set the trial date twenty-two
days before the second trial. Under the circumstances, twenty-two
day's notice, although it provided appellant less than the statutorily
required period necessary to provide notice of intent to apply foreign
law or a translation of foreign law, was nonetheless reasonable. 
Appellant could have introduced the foreign law before the first time
this case went to trial in August of 1998, and had additional time after
the court's November 2 grant of appellant's motion for new trial and the
date the case was set for trial. There is no record that appellant ever
presented the foreign law to the trial court until twenty-nine days before
the second trial. In light of the months appellants had to prepare their
case, the twenty-two day period is not unreasonable. See O'Connell v.
O'Connell, 843 S.W.2d 212, 216-17 (Tex. App.--Fort Worth 1992, no
writ) (notice of resetting of case eight days before trial was reasonable
where parties had initially been scheduled to go to trial more than one
month earlier and when cause of action had been set for trial in each of
the court's three previous terms).

 Appellant argues that after the trial judge granted his motion for
new trial on November 2, he did not set the case for trial because he
was soon leaving office. Appellant therefore argues that he expected
time to produce the foreign law at the new trial setting. Given the
extensive length of time appellant had to introduce the foreign law
before the first trial and before the next hearing, we do not agree that
the trial court abused its discretion.

 Appellee argues that appellant has not proven that Mexican Law
is different from Texas law. Appellant stipulated that the substantive
law of Mexico and the law of Texas are substantially the same, but also
argued at trial that the interpretation of the law is very different in
Mexico. In the absence of a pleading or proof of law from another
jurisdiction or a motion to take judicial notice of the laws of another
jurisdiction, laws of other jurisdictions are presumed to be the same as
those of Texas. See Gevinson v. Manhattan Const. Co. of Oklahoma,
449 S.W.2d 458, 465 n.2 (Tex. 1969); see Ochoa v. Evans, 498 S.W.2d
380, 387 (Tex. Civ. App.--El Paso 1973, no writ) (Mexican law of the
tort of conversion is assumed to be the same as Texas law absent proof
to the contrary). Appellant has provided no such pleading or motion. 
As discussed above, appellant did not timely provide proof of Mexican
law to the court. Therefore the trial court did not err by applying Texas
law. 

 Lastly, we address the trial court's decision not to abate this case. 
The Clerk's Record contains copies of the Mexican proceedings and
translations of the Mexican proceedings in parallel litigation to this case. 
Abatement of a lawsuit due to the pendency of a prior suit is based on
the principles of comity, convenience, and the necessity for an orderly
procedure in the trial of contested issues. Wyatt v. Shaw Plumbing Co.,
760 S.W.2d 245, 248 (Tex. 1988). It is unclear how much time will
pass before the Mexican proceedings conclude or what effects an
abated trial would have on the parties before the court or to the orderly
control of the court's docket. We review the court's decision not to
abate the case for an abuse of discretion. Id. at 248; Taiwan Shrimp
Farm Village Ass'n v. U.S.A. Shrimp Farm Dev. Inc., 915 S.W.2d 61, 68
(Tex. App.--Corpus Christi 1996, writ denied). We see no abuse of
discretion.

 We AFFIRM the judgment of the trial court.

 

 MELCHOR CHAVEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 16th day of November, 2000.



1. Law of the place where last event necessary to make actor liable
for an offense took place. Black's Law Dictionary 911 (6th ed. 1990).