Opinion issued July 16, 2013



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00218-CV**

———————————

**REUBEN MEREDITH HAGA, Appellant**

**V.**

**JERRY REDMOND THOMAS AND LYDA ANN THOMAS, Appellees**

---

**On Appeal from the Probate Court**
**Galveston County, Texas**
**Trial Court Case No. PR-0072323-A**

---

## O P I N I O N

In this probate proceeding, after the probate court admitted Zachary Thomas's will to probate, appellees, Jerry and Lyda Ann Thomas, Zachary's parents, filed an application to determine heirship, which was opposed by

appellant, Reuben Haga, Zachary's former step-son and a purported beneficiary under the will. In response to Jerry and Lyda Ann's motion for summary judgment, Haga filed a plea to the jurisdiction, contending that the probate court lacked jurisdiction because Zachary's will had already been admitted to probate in North Carolina, where he had died, and an administration was already pending in that proceeding. The probate court granted Jerry and Lyda Ann's motion for summary judgment, declared them to be Zachary's heirs at law, and declared that the provisions in Zachary's will benefitting Haga were invalid. In his sole issue on appeal, Haga contends that the probate court erred in not granting his plea to the jurisdiction.

We affirm.

### Background

Zachary Thomas was a resident of Asheville, North Carolina, when he died on October 19, 2010. Zachary's will was subsequently admitted to probate in Buncombe County, North Carolina on November 8, 2010 ("the North Carolina probate proceeding"). At the time Zachary executed his will on October 18, 2007, he was married to Susan Haga, Reuben Haga's mother. This will named Susan as independent executor of Zachary's estate, with her mother, followed by Reuben, to serve as successive executors. Susan was the primary beneficiary of Zachary's estate, with Reuben named as the primary contingent beneficiary if Susan did not

2

survive Zachary. The will contained the following provision, "This will has been prepared and executed in the State of Texas. Except as otherwise provided herein, all questions concerning the meaning and intention of any of its terms or validity shall be determined in accordance with the laws of the State of Texas." It is undisputed that Zachary and Susan divorced on December 30, 2009, and that they had no children.

Reuben Haga initially qualified as executor of Zachary's estate in the North Carolina probate proceeding. He subsequently requested that the probate court allow him to resign in favor of Harris Livingstain, an Asheville attorney. The North Carolina court accepted Haga's resignation and appointed Livingstain as administrator.

On December 23, 2010, Lyda Ann Thomas filed a proof-of-death affidavit and an application for the probate of Zachary's will and the issuance of letters of administration with the Galveston County probate court ("the Texas probate proceeding"). In the affidavit, Lyda Ann averred that Zachary was domiciled in Galveston at the time of his death. That same day, the probate court admitted the will to probate and authorized the issuance of letters of administration. In the order admitting the will to probate, the trial court found that it had jurisdiction and venue over Zachary's estate and that the named executors in the will, including Susan and Reuben Haga, were disqualified from serving in a fiduciary capacity pursuant to

3

Probate Code section 69. *See* TEX. PROB. CODE ANN. § 69(b) (Vernon Supp. 2012) ("If, after making a will, the testator's marriage is dissolved, whether by divorce, annulment, or a declaration that the marriage is void, all provisions in the will, including all fiduciary appointments, shall be read as if the former spouse and each relative of the former spouse who is not a relative of the testator failed to survive the testator, unless the will expressly provides otherwise."). The trial court appointed Lyda Ann as the administrator of Zachary's estate "to administer the assets of the estate not already administered."

On February 2, 2011, Jerry and Lyda Ann Thomas filed a petition in intervention in the pending Texas probate proceeding, seeking construction of Zachary's will and a determination of heirship. They argued that a dispute had arisen over whether Zachary's assets should be distributed pursuant to the terms of the will or pursuant to Texas's laws of descent and distribution. In this petition, Jerry and Lyda Ann asserted that Zachary owned real property in Austin, "equity interest in several entities," and "other items of personal property" at the time of his death. They argued that Susan, Reuben, and the other named beneficiaries in the will were all disqualified from receiving any portion of Zachary's estate pursuant to Probate Code section 69 and, under that statute, were deemed to have predeceased Zachary. As a result, Zachary's property "passes by intestate succession" to his nearest kin, Jerry and Lyda Ann. Jerry and Lyda Ann requested

4

that the probate court enter a judgment declaring that Susan, Reuben, and the other named beneficiaries were determined to have predeceased Zachary and were disqualified from receiving estate assets. They also sought an heirship determination that, as Zachary's surviving parents, they were "entitled to inherit all assets of his estate under the laws of descent and distribution."

Haga filed a general denial to the petition in intervention. In this answer, he also moved the probate court to dismiss the Texas probate proceeding for lack of jurisdiction. He asserted that Zachary's will had already been admitted to probate in North Carolina, that Lyda Ann had agreed to the appointment of a third-party administrator in the North Carolina probate proceeding, and that Zachary had been domiciled in North Carolina at the time of his death. Haga also acknowledged that Zachary's only asset "subject to Texas jurisdiction is a parcel of real property situated in Hays County, Texas." He argued that because Zachary's will was already admitted to probate in North Carolina and because Texas "does not require administration for ancillary probate of real estate situated in Texas," there was no need to administer Zachary's estate in Texas. The probate court denied Haga's motion to dismiss the proceeding.

In the Texas probate proceeding, Lyda Ann moved the trial court to allow her to resign as administrator and to appoint Livingstain, who was handling the administration of Zachary's estate in the North Carolina probate proceeding. The

5

trial court granted this motion and appointed Livingstain as "ancillary dependent administrator."

On May 4, 2011, Haga amended his answer in the Texas probate proceeding to contend that Jerry and Lyda Ann were not entitled to an heirship determination in their favor because he was Zachary's child under the doctrine of equitable adoption. Thus, he "takes pursuant to the Will probated in this action and no determination of heirship is necessary."

Haga then moved for summary judgment on Jerry and Lyda Ann's petition in intervention. He argued that he was not disqualified from inheriting pursuant to section 69 because "[s]everal provisions in [Zachary's] Will indicate his intent for Reuben Haga to be treated as [Zachary's] lineal descendant in the first degree." According to Haga, Zachary provided that Haga "is both a relative of Susan Haga and his own child for purposes of this Will." The trial court denied this motion.

On August 2, 2011, Haga again amended his answer in the Texas probate proceeding, contending that because the will had already been admitted to probate in North Carolina, under Probate Code section 95(e), the will "shall be effectual to dispose of both real and personal property in [Texas] pursuant to the laws of the State of North Carolina." He asserted that, under North Carolina law, he would not be deemed to have predeceased Zachary. He also re-asserted his earlier contentions that, if the probate court applied Texas law, he would recover under

6

the will because the will provided that he was to be treated as Zachary's lineal descendant and because he was Zachary's child by equitable adoption.

On December 5, 2011, Jerry and Lyda Ann moved for summary judgment on their heirship petition. They again asserted that Haga was disqualified pursuant to section 69, and they urged the trial court to adopt its prior ruling denying Haga's summary judgment motion, which addressed the same issues. They also argued that Haga was not Zachary's son under the doctrine of equitable adoption. Jerry and Lyda Ann further contended that the will clearly provided that it was to be governed by the laws of Texas, regardless of Zachary's domicile at the time of his death, and, even if the will did not so provide, Texas law applies to the disposition of land located within the boundaries of Texas.

As part of his response to Jerry and Lyda Ann's summary judgment motion, Haga filed a plea to the jurisdiction. Haga argued that the probate court did not have jurisdiction over the dispute and could not admit Zachary's will to probate due to the North Carolina probate proceeding. He argued that Probate Code section 95, which concerns the admission to probate in Texas of wills that have already been admitted to probate in another jurisdiction, "does not vest jurisdiction with this Court or the Texas courts to get around the probate in another jurisdiction (of their citizen) by attempting to rule and probate the foreign will." He contended

7

that only the North Carolina probate court had the ability to interpret and construe Zachary's will.

The Texas probate court ultimately granted Jerry and Lyda Ann's summary judgment motion. The court included the following in its order:

> It is therefore ORDERED that Intervenors' Motion for Summary Judgment is granted as to all claims and defenses asserted by Reuben Meredith Haga, that the Will of Zachary Cecil Kempner Thomas does not create [an] exception to the disqualification of Reuben Meredith Haga under Section 69 of the Texas Probate Code, that as a matter of law Reuben Meredith Haga was not equitably adopted by Zachary Cecil Kempner Thomas, that the law of the State of Texas controls all estate assets, and that all beneficiaries and fiduciaries named in the Will are disqualified under Texas Probate Code Section 69. Zachary Cecil Kempner Thomas was single at the time of his death, having been divorced from Susan Haga, Reuben Meredith Haga's mother, and Zachary Cecil Kempner Thomas left no surviving children. Lyda Ann Thomas and Jerry Redmond Thomas are his heirs at law.

After the probate court severed the claims by Jerry and Lyda Ann against Haga, this appeal followed.

**Subject-Matter Jurisdiction**

In his sole issue, Haga contends that the trial court erred in failing to grant his plea to the jurisdiction because North Carolina, the state in which Zachary resided when he died and the state in which Zachary's will was first admitted to probate, has exclusive jurisdiction to construe Zachary's will and to oversee the administration of his estate.

### A. *Standard of Review*

A party may challenge a trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999); *Porretto v. Patterson*, 251 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In this review, we do not consider the underlying merit of the plaintiff's case; instead, we consider only the plaintiff's pleadings and evidence relevant to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Porretto*, 251 S.W.3d at 706–07. We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Porretto*, 251 S.W.3d at 707. The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Porretto*, 251 S.W.3d at 707. For a defendant to prevail on a plea to the jurisdiction, he must demonstrate an incurable jurisdictional defect apparent from the face of the pleadings, making it impossible for any amendment of the petition to confer jurisdiction on the trial court. *Porretto*, 251 S.W.3d at 707.

### B. Texas Probate Court's Jurisdiction

Probate Code section 95(a) provides, "The written will of a testator who was not domiciled in Texas at the time of his death which would affect any real or personal property in this State, may be admitted to probate upon proof that it stands probated or established in any of the United States . . . ." TEX. PROB. CODE ANN. § 95(a) (Vernon Supp. 2012); *see also McCuen v. Huey*, 255 S.W.3d 716, 729 (Tex. App.—Waco 2008, no pet.) ("When a will has been duly probated in another state, the judgment of the probate court must be given full faith and credit in this state."); *Maxfield v. Terry*, 885 S.W.2d 216, 219 (Tex. App.—Dallas 1994, writ denied) ("Texas courts apply the full faith and credit doctrine to another state's determination to admit a will to probate in that state."). After the will is filed and recorded with a Texas clerk, the will "shall have the same force and effect for all purposes as if the original will had been probated by order of the court, subject to contest in the manner and to the extent hereinafter provided." TEX. PROB. CODE ANN. § 95(d)(1). Section 95 does not address whether a Texas probate court has jurisdiction to resolve disputes concerning the administration of an estate or the construction of a will of a decedent who died in another state and was domiciled in that other state, but who owned real property in Texas.

Texas courts have "ultimate power over lands situated within [this] state." *Toledo Soc'y for Crippled Children v. Hickok*, 261 S.W.2d 692, 696 (Tex. 1953);

10

*Colden v. Alexander*, 171 S.W.2d 328, 335 (Tex. 1943) ("It is the settled law of this State, as well as the law generally, that the title to real property is exclusively subject to the government within whose territory it is situated."). The Texas Supreme Court has held that, although the law of the testator's domicile governs with respect to his personal property, with respect to the testator's real property, "the place where the property is situated is to govern, not only as to the capacity of the testator and the extent of his power to dispose of the property, but as to the forms and solemnities to give the will its due attestation and effect." *Crossland v. Dunham*, 140 S.W.2d 1095, 1097 (Tex. 1940) (quoting *Holman v. Hopkins*, 27 Tex. 38, 38 (1863)); *Owen v. Younger*, 242 S.W.2d 895, 897 (Tex. Civ. App.—Amarillo 1951, no writ).

Moreover, "the Legislature of one state has no power to confer jurisdiction over property situated in another state." *De Tray v. Hardgrove*, 52 S.W.2d 239, 240 (Tex. Comm'n App. 1932); *In re Bills' Estate*, 542 S.W.2d 943, 946 (Tex. Civ. App.—Texarkana 1976, writ ref'd n.r.e.) ("The law is settled that the Arkansas judgment of probate is in rem but has no extra-territorial effect upon assets of the decedent's estate in Texas."); *Simmons v. O'Connor*, 149 S.W.2d 1107, 1110 (Tex. Civ. App.—Fort Worth 1941, writ dism'd judgm't cor.) ("It is clear that only the Texas courts have jurisdiction to adjudicate titles to Texas lands, and that in such suits the laws of Texas must apply."). Thus, the existence of real

11

property in Texas gives Texas courts jurisdiction over an administration concerning that property. *See Saner-Ragley Lumber Co. v. Spivey*, 238 S.W. 912, 916 (Tex. Comm'n App. 1922); *Owen*, 242 S.W.2d at 898 ("[T]he language of [the predecessor to section 95] when fairly construed discloses a legislative purpose not only to authorize the probate of foreign wills in this State, but also to make such authority dependent on the existence, in this State, of property belonging to the estate of the deceased.").

The law is clear that when a decedent dies in one state and owns real property in another state, both states have jurisdiction over an administration concerning the assets within the particular state's territorial borders. Probate Code section 95 simplifies the process of admitting to probate in Texas a will that has already been admitted to probate in another state, regardless of whether that other state was the decedent's domicile. *See, e.g.*, *Wagner v. Duncan's Estate*, 546 S.W.2d 859, 863 (Tex. Civ. App.—Dallas 1977, no writ) ("We hold that a will filed and recorded pursuant to section 95(d)(1) has been probated within the meaning of [Probate Code] section 100(b)."). Section 95 says nothing about whether a Texas court has jurisdiction to administer the estate with respect to the decedent's real property located in Texas when an administration is already pending in another state; instead, it merely provides a procedural mechanism to

12

begin an ancillary probate proceeding in Texas without going through the formal process of admitting the will to probate in Texas. *See* TEX. PROB. CODE ANN. § 95.

Here, it is undisputed that Zachary owned personal property in North Carolina, where he resided at the time of his death, and real property located in Texas. Haga contends that section 95 allows the Texas probate court to "dispose of both real and personal property in this State," but this section does not confer jurisdiction on the ancillary court to "act like courts of original probate jurisdiction" and take actions such as construing the terms of a foreign will. According to Haga, if there is a need for such an action it "must be conducted in the original probate proceeding."

Haga properly sought to have Zachary's will admitted to probate in North Carolina, but the North Carolina court lacks jurisdiction to issue rulings affecting Zachary's real property located in Texas; only a Texas court has jurisdiction to administer real property located in Texas. *See In re Bills' Estate*, 542 S.W.2d at 946. Thus, the "original" probate court in this case—the North Carolina court—had no jurisdiction to, for example, construe Zachary's will as it related to his real property located in Texas. Only the Texas probate court—the ancillary court—can do that. Moreover, when the Texas probate court construed Zachary's will concerning the disposition of his real property in this state, it was required by Texas law to apply the law of the state in which the real property was located,

13

which, in this case, was Texas. *See Crossland*, 140 S.W.2d at 1097; *Owen*, 242 S.W.2d at 897.

To the extent Haga argues that the probate court erroneously failed to grant his plea to the jurisdiction on the ground that the North Carolina probate proceeding was instituted first and should be considered the "primary" proceeding, Haga has cited no authority that the existence of a prior proceeding in another state admitting a will to probate deprives the Texas probate courts of jurisdiction to resolve any issues relevant to real property of the decedent located in Texas.

We conclude that, because Zachary undisputedly owned real property in Texas, the probate court had jurisdiction to admit Zachary's will to probate in this state giving full faith and credit to the judgment of the North Carolina probate court. *See* TEX. PROB. CODE ANN. § 95(a). After the will was filed and recorded with a Texas clerk, the will had the same force and effect as if it had been probated by order of the Texas court. *Id.* § 95(d)(1). The Texas probate court then had jurisdiction to commence an administration of Zachary's real property located in Texas, which includes jurisdiction to rule on Jerry and Lyda Ann's application to determine heirship.[1] *See Crossland*, 140 S.W.2d at 1097.

---

[1] Haga challenges the probate court's jurisdiction to, for example, rule on Jerry and Lyda Ann's application to determine heirship; he does not challenge whether Galveston County is the proper venue for this dispute. We note that Probate Code section 6 provides that if the decedent "had no domicile or fixed place of residence in this State, and died outside the limits of this State," the decedent's will shall be

14

We overrule Haga's sole issue on appeal.[2]

## Conclusion

We affirm the order of the probate court.  All pending motions are dismissed as moot.

 

 

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

---

admitted to probate "in any county in this State where the decedent's nearest of kin reside."  TEX. PROB. CODE ANN. § 6 (Vernon Supp. 2012); *id.* § 6C(a)(1) (Vernon Supp. 2012) ("Venue for a proceeding to determine a decedent's heirs is in . . . the court of the county in which a proceeding admitting the decedent's will to probate or administering the decedent's estate was most recently pending . . . .").  Lyda Ann, Zachary's mother and nearest of kin, resides in Galveston County.

[2] As Jerry and Lyda Ann note, Haga does not, on appeal, challenge the merits of the probate court's summary judgment ruling, e.g., he does not contend that the probate court erroneously determined that Haga is disqualified from recovering assets under Zachary's will pursuant to Probate Code section 69.  Therefore, we do not address these questions.