# JUNE, 1931

## G. A. HOLLAND V. ROBERT INGERSOL JACKSON ET AL.

No. 5523.   Decided April 1, 1931.
Motion for Rehearing Overruled June 6, 1931.
(37 S. W., 2d Series, 726.)

2

*Clark & Clark,* of Dallas, *Lightfoot, Robinson & Scurlock,* of Fort Worth, for plaintiff in error.

A judgment rendered in one of our states is conclusive and res adjudicata as to the issues of fact involved and the merits of the case in the courts of every other state and can not be reinvestigated. Walker v. Garland (Tex. Com.), 235 S. W., 1078; Amer. Natl. Bank v. Garland (Tex. Com.), 235 S. W., 562; M., K. & T. Ry. Co. v. Swartz (Texas Civ. App.), 115 S. W., 275; Minchew v. Case (Texas Civ. App.), 143 S. W., 366; Withers v. Patterson, 27 Texas, 491; James v. James (Tex. Com. Dec.), 16 S. W., 1087, 1088; Porchaler v. Bronson, 50 Texas, 561; Hancock's Estate, 156 Calif., 804, 106 Pac., 58; Estate of Harrington, 147 Calif., 124, 81 Pac., 546.

The probate court of Los Angeles, California, having general jurisdiction over all probate matters and expressly given exclusive jurisdiction over the probate of wills; and having inquired into and heard the evidence in reference to the issue of fact as to the residence of the John L. Jackson at the time of his death and having adjudicated that he resided in Los Angeles, the judgment is final and conclusive in reference thereto in the courts of other states, under the "full faith and credit" clause of the Federal Constitution; and it was fundamental error for the court below to allow appellees to introduce evidence, over appellant's objection, attempting to show that he resided in Texas at the time of his death. Constitution of the United States, art. IV, sec. 1; Rev. Stats. of the U. S., sec. 905; Rev. Stats. of Texas, 1925, art. 3365; California Civil Code, secs. 94, 95, 97, 1923, 1928, 1294, 1312, 1322-1324; Fauntleroy v. Lum, 210 U. S., 230, 237; Anglo-American Provision Co. v. Davis Provision Co., 191 U. S., 373, 375; Mills v. Duryee, 7 Cranch. (U. S.), 481, 482; Huntington v. Attrill,

146 U. S., 657, 684; Carpenter v. Strange, 141 U. S., 87; Roller v. Murray, 234 U. S., 738, 742.

*Cantey, Hanger & McMahon, McLean, Scott & Sayers,* and *Baskin, Eastus & Greines,* all of Fort Worth, and *Hood & Shadle,* of Weatherford, for defendants in error.

The full faith and credit clause of the Federal constitution does not preclude an inquiry into the jurisdiction of the court rendering the decree.

The probate of a will in another state could only affect property devised by the will in that jurisdiction and cannot affect property in the state of Texas. Tilt v. Kelsey, 207 U. S., 43, 52 L. Ed., 95; Burbank v. Ernst, 232 U. S., 162, 58 L. Ed., 551; Holyoke v. Holyoke, 110 Me., 469, 87 Atl. 40; Scripps v. Wayne Probate Judge, 131 Mich., 265, 90 N. W., 1061; Smith v. Smith, 122 Va., 341, 94 S. E., 777; Re: Clark's Estate, 148 Cal., 108, 82 Pac., 760; Frederick v. Wilbourne, 198 Ala., 137, 73 Sou., 442; Selle v. Rapp, 143 Ark., 192, 220 S. W., 662; Schweitzer v. Bean, 154 Ark., 228, 242 S. W., 63; Dibble v. Winter, 247 Ill., 243, 93 N. E., 145; Lynch v. Miller, 54 Ia., 516, 6 N. W., 740; McGovern v. McGovern, 192 Ia., 1196, 186 N. W., 60; McEwan v. Brown, 176 N. C., 249, 97 S. E., 20; Opp v. Chess, 204 Pa., 401, 54 Atl., 354; Kirkland v. Calhoun, 147 Tenn., 388, 248 S. W., 302.

Mr. Judge HARVEY of the Commission of Appeals delivered the opinion for the court.

John L. Jackson died in Coryell county, Texas, about April 9, 1919, leaving a great amount of real and personal property in this state. On March 4, 1926, an instrument purporting to be the will of Jackson was admitted to probate by the Superior Court of Los Angeles, California, which is a court of general probate jurisdiction; and by the same court letters of administration, with the will annexed, were issued to Mrs. S. Adelaide Jackson. These probate proceedings conformed in every respect to the requirements of the laws of California. The recitals of the order of probate disclose a specific fact finding by the court that Jackson resided in Los Angeles at the time he died, and was possessed of real and personal property situated there. Testimony to this effect was duly introduced before the court, on the hearing of said application for probate. Afterwards, on June 14, 1926, G. A. Holland made due application to the county court of Parker county, Texas, as prescribed by articles 3352 and 3365 of our statutes, for admission to record and probate in said court of a duly authenticated copy of the will and pro-

bate thereof by the California court, and for letters of temporary administration on the estate of Jackson, with the will annexed. Mrs. S. Adelaide Jackson joined in the application and waved such prior right to be appointed administratrix as she had.

The county court of Parker county regularly entered an order admitting to record and probate the authenticated copy of the will and order of probate entered by the California court, and appointed Holland temporary administrator of the estate of Jackson. At the ensuing term this order of the county court of Parker county was, after due notice as prescribed by our statutes, made permanent. A short time later, a son of John L. Jackson, deceased, and others interested in the estate, filed in the county court of Parker county, a motion in the nature of a contest, wherein they sought the vacation of the order admitting to record and probate the authenticated copy of the will and the proceedings of the California Court. On hearing said motion to vacate, the county court of Parker county found that the instrument which had been probated by the California court was a forgery; and that more than four years had elapsed after Jackson's death before the application was made to the California court for the probate of same. Upon these findings, the county court of Parker county entered an order vacating the order previously entered by that court, thereby in effeect barring from probate and from the records of this state the duly authenticated copy of the will and probate order entered by the California Court. From this order or judgment, Holland duly perfected an appeal to the district court of Parker county. In the latter court the contestants, the defendants in error here, pleaded (1) that the instrument probated by the California court was not the will of Jackson, in that said instrument was a forgery; (2) that Jackson's domicile was in Tarrant county, Texas, when he died; (3) that more than four years after Jackson died had elapsed before the purported will was offered for probate in California, and more than four years had elapsed, since Jackson's death, before the proceedings of the California court were offered for record in this state. The case was tried to a jury on special issues. At the trial the defendants in error introduced testimony to support each of the above issues tendered in their pleading. The plaintiff in error introduced no testimony, touching the genuineness of the will, other than the duly authenticated copy of will and the order of probate and proceedings of the California court. No question is raised as to the proper authentication of those proceedings.

The trial court submitted to the jury a special issue, inquiring if the instrument probated in California was a forgery. The jury answered that the instrument was a forgery. No issue respecting the domicile of Jackson was submitted and none was requested. Upon this verdict of the jury and an independent finding by the trial judge himself, to the effect that Jackson was domiciled in Texas when he died, the trial court entered judgment vacating the ancillary probate of the alleged will of Jackson, which judgment purported to effect an annullment of such instrument and the record thereof in this state. The Court of Civil Appeals affirmed the judgment of the trial court.

■■ The vital question presented for decision has reference to the power of the trial court, in view of the full faith and credit claude of the federal constitution, and of the Act of Congress pursuant thereto, to re-examine matters of fact whose adjudication is purported by the order of the probate entered by the California court. The question goes primarily to the matter of jurisdiction in the California court to establish the authenticity of Jackson's purported will, as against the world. It is fairly well settled by the weight of authority in this country, that jurisdiction of the original probate of a will is possessed exclusively by the courts of the state where the testator was domiciled when he died. When the will is regularly probated there, the constitutional provision under consideration requires all sister states to give full faith and credit to the order of probate as verifying the instrument. In such a case, the question of authenticity of the instrument would be res adjudicata; but the question as to the legal effect of the instrument would not be. Inasmuch, however, as jurisdiction of original probate depends on the domicile of the testator, the question of domicile is always open for re-examination whenever full faith and credit is demanded in one state for an order of probate entered in another state. Burbank v. Ernst, 232 U. S., 162, 34 S. Ct., 299, 58 L. Ed., 551; Tolbert v. Chamberlain, 149 Mass., 57, 20 N. E., 305; Scripps v. Wayne Probate Judge, 131 Mich., 265, 90 N. W., 1061; Holyoke v. Holyoke, 110 Me., 469, 87 Atl., 40; Sullivan v. Kenney, 148 Ia., 361, 126 N. W., 349; Matter of Horton, 217 N. Y., 363; 111 N. E., 1066; Bate v. Camerana, 59 Miss., 513; Stark v. Parker, 56 N. H., 481; Manuel v. Manuel, 13 Ohio St., 458; Tarbell v. Walton, 71 Vt., 406.

■ From what has already been said, it will be seen that the only subject of inquiry properly open to the trial court was as to the domicile of Jackson. If the latter was domiciled in California, the trial court was bound to give full faith and credit

to the probate order entered in that state, as establishing the authenticity of Jackson's will. If Jackson was domiciled in Texas, then the order of the California court was not entitled to be recorded in this state. The recital contained in the probate order entered in California, to the effect that Jackson's domicile was there, is prima facie proof of the fact recited. Testimony to overcome this prima facie proof was introduced by the defendants in error, but the fact issue thus raised was not requested to be submitted to the jury. The issue, therefore, was waived by the defendants in error. Ormsby v. Ratcliff, 117 Texas, 242, 1 S. W. (2d) 1084. With the issue as to domicile waived, there was no basis for the trial court's refusal to give to the California proceedings full faith and credit. Because of this error, the judgment of the trial court must be reversed.

■ In this appeal, R. J. Randolph has been granted permission to file a motion, as amicus curiae, to dismiss the appeal. In the motion the following facts are alleged, and are supported by certified copies from the records of the county court of Travis county, Texas: (1) That some two weeks prior to the filing of Holland's original application in the county court of Parker county, an application was duly filed in the county court of Travis county by S. Adelaide Jackson, for admission to record and probate of a duly authenticated copy of the will of John L. Jackson, together with the order of the California court admitting same to probate, and for the issuance of letters of administration with the will annexed; (2) that subsequently the county court of Travis county duly entered an order admitting said authenticated copy to record and probate, and directing letters of administration to be issued; (3) that said orders stand unreversed and (4) the administration there opened is still pending. The motion for dismissal is based on the proposition that since the jurisdiction of the county court of Travis county attached to the subject matter of this suit, before the jurisdiction of Parker county court was invoked, the latter court and the district court of that county never acquired jurisdiction in the premises. The motion to dismiss should be denied. The Supreme Court is without authority to inquire into the jurisdiction of the trial court by evidence aliunde the record on appeal. Chrisman v. Graham, 51 Texas, 454.

On account of the errors pointed out, the judgment of the trial court, and that of the Court of Civil Appeals affirming same, should be reversed and the cause remanded.

The foregoing opinion is adopted as the opinion of the

Supreme Court and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.