## DE TRAY v. HARDGROVE et al.
### No. 1570–5923.

Commission of Appeals of Texas, Section A.
July 19, 1932.

Hull & Oliver, of San Antonio, for plaintiff in error.

Cunningham, Moursund & Johnson, of San Antonio, and Miller, Mack & Fairchild, of Milwaukee, Wis., for defendants in error.

HARVEY, P. J.

In this case the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the defendants in error. 34 S.W.(2d) 379. The case is now before us on writ of error. We adopt the statement of the case as made by the Court of Civil Appeals, as follows:

"This is a contest over the probate of the purported holographic will of Dennis W. McKenna, a resident of Fond du Lac, Wis., where he died on June 11, 1929, at the age of 77 years.

"Some months after the death of the testator, Dennis F. DeTray, unrelated to the testator but named as a beneficiary in the alleged will, filed application in the county court of Bexar county, Tex., for the probate of the instrument as a will, upon the sole jurisdictional ground that at the time of the testator's death he 'resided and had his domicile in Bexar County.' This application was contested by Minnie V. Hardgrove (joined by her husband) and Nora E. McGauley, daughters of the testator's deceased brother. Upon a hearing the county court ordered the probate of the instrument as the last will and testament of the decedent, and the contestants appealed to the district court.

"During the hearing on appeal in the district court, the proponent filed a trial amendment in which he set up, as an alternative ground of jurisdiction, that at the time of his death the testator's principal estate was situated in Bexar county. In settling the matter of jurisdiction the trial court found against proponent's averment that the testator was domiciled in Texas at the time of his death, and in favor of proponents' averment that the testator's principal estate was situated in Bexar county. Upon the latter finding the district court admitted the will to probate, and from that order the contestants have appealed to this court.

"The alleged will was executed, as stated, in the state of California. By its terms the testator disposed of certain specifically described real property situated in the states of California, Illinois, and Wisconsin. It did not purport to dispose of any property or estate situated in the state of Texas. It did not purport to dispose of any personal or mixed property. It did not contain any residuary clause or otherwise purport to operate upon any estate, real, personal or mixed, other than the real property specifically described as situated within the three states of California, Illinois, and Wisconsin. It further appears from the record, and is in effect conceded by appellees, that the instrument in question was not such a will as entitled it to probate under the laws of either of those three states."

The plaintiff in error contends that the undisputed evidence shows that the domicile of the testator, Dennis W. McKenna, was in Bexar county, Tex. The testimony bearing on this question of domicile is voluminous, and need not be set out here. We have, however, carefully examined the testimony, and find that there is testimony which is sufficient to raise the fact issue as to the domicile of the testator being in Wisconsin. The trial court and the Court of Civil Appeals found that his domicile was there; such finding cannot be disturbed, there being testimony to support it.

The question of chief importance is whether

240

or not, where a testator was not domiciled in this state when he died, and his will relates exclusively to real estate outside of this state, and designates no executor, a probate court of this state has authority to probate said will if there be real and personal property in this state belonging to the testator's estate.

The only statutes which have an immediate bearing on the question of authority in a probate court of this state to probate an original instrument constituting a foreign will, that is to say, the will of a testator whose domicile was not in this state, are articles 3293, 3329, and 3348. The first mentioned article provides in part as follows: "Wills shall be admitted to probate, and letters testamentary or of administration shall be granted: * * * 2. If the deceased had no domicile or fixed place of residence in the State, but died in the State, then either in the county where his principal property was at the time of his death, or in the county where he died. 3. If he had no domicile or fixed place of residence in the State, and died without the limits of the State, then in any county in this State where his nearest of kin may reside. 4. But if he has no kindred in this State, then in the county where the principal estate was situated at the time of his death." Article 3329 provides, in part, that "an application for the probate of a written will produced in court shall state: * * * 2. The facts necessary to show that the court has jurisdiction of the estate." Article 3348 provides, in part, that "before admitting a will to probate, it must be proved to the satisfaction of the court * * * that the court has jurisdiction of his estate."

According to well-established principles, the Legislature of one state has no power to confer jurisdiction over property situated in another state. Besides, the probate of a will in a state in which the testator was not domiciled has no extraterritorial force in respect of the authenticity of the instrument. Holland v. Jackson (Tex. Sup.) 37 S.W.(2d) 726.

The quoted language of article 3293, when construed in the light of the above principles, fairly disclose a legislative purpose not only to authorize the probate of foreign wills in this state, but also to make such authority dependent on the existence, in the state, of property belonging to the estate of the deceased. The quoted provisions of the other two articles show beyond question that such authority depends on this latter contingency. For it is there provided that no will shall be admitted to probate unless it be shown that the court has jurisdiction of the estate of the deceased. This requirement necessarily has reference to such property in this state as belongs to said estate, for the court, in no event, could have jurisdiction of property outside the state. The very fact, therefore, that the existence in this state of property belonging to the estate of the deceased is made an essential basis for the exercise, by the probate courts, of the granted authority to probate foreign wills, signifies that no foreign will, except such as would operate upon or affect property in this state, is contemplated by these provisions of the statutes. The basic purpose of these provisions is to regulate certain matters pertaining to the transmission of property in this state, and to the control of such property for administration purposes. It is plain that a foreign will, which relates exclusively to property outside the state, has no relevancy to the basic purpose of these provisions. There is no logical basis in the statutes for an assumption that the probate of such a will is authorized.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and rendering judgment for the defendants in error, be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.