**In re the ESTATE of Letha L. BOURLAND, Deceased, Billy L. Walker, Sr., Appellant,**

v.

**Leonard C. HANES, Executor, Appellee.**

**No. 652.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 11, 1971.

Ewers, Toothaker, Ewers, Abbott, Evins & Talbot, Joe B. Evins, McAllen, for appellant.

Wilkins & Wilkins, Tom Wilkins, McAllen, for appellee.

OPINION

BISSETT, Justice.

This is an appeal from a judgment of the District Court of Hidalgo County, Texas, decreeing that Letha L. Bourland was not domiciled in Prattville, Alabama at the date of her death. Billy L. Walker, Sr., appellant, a resident of Autauga County, Alabama, asserts that the decedent was domiciled in Autauga County, Alabama, at the time of her death, and Leonard C. Hanes, appellee, a resident of Hidalgo County, Texas, asserts that the decedent was domiciled in Hidalgo County, Texas, at the time in question. Letha L. Bourland, hereinafter called Mrs. Bourland, died in Prattville, Autauga County, Ala-

bama, on December 9, 1969. Two documents, each alleged to be the last will and testament of Mrs. Bourland, one executed in Texas and the other in Alabama, were filed for probate in Hidalgo County, Texas.

On March 4, 1969, Letha L. Bourland executed a will disposing of her estate. This will was executed in McAllen, Hidalgo County, Texas, and is hereinafter referred to as the "Texas Will". Appellee was appointed independent executor without bond. Under the terms of this will her estate was devised to a large number of persons and organizations, including appellant and his son, Billy L. Walker, Jr., each of whom was devised 15% of the estate remaining after payment of debts and expenses of administration.

On September 4, 1969, Mrs. Letha L. Bourland executed another will disposing of her estate. This will was executed in Montgomery, Montgomery County, Alabama, and is hereinafter referred to as the "Alabama Will". Appellant was appointed independent executor without bond. In this will the testatrix devised all of her estate to appellant and to Billy L. Walker, Jr., in equal shares.

On December 18, 1969, appellee made application to the County Court at Law of Hidalgo County, Texas, sitting in probate, to probate the Texas Will as the last will and testament of Mrs. Bourland. The application was docketed under No. 9242. It was alleged in the application that the decedent had her domicile and fixed place of residence in Hidalgo County, Texas, at and before her death, and that, at the time of her death, she was seized and possessed of real and personal property in the State of Texas, the majority of which was in Hidalgo County, Texas. Thereafter, on January 5, 1970, the will was admitted to probate, and appellee, on the same day, qualified as independent executor of the Estate of Letha L. Bourland, Deceased.

On March 5, 1970, appellant made application to the County Court at Law of Hi-

dalgo County, Texas, sitting in probate, to probate the Alabama Will as the last will and testament of Mrs. Bourland. This application was filed in the probate proceedings then docketed under No. 9242. Appellant, in his application, alleged that the decedent had her domicile and fixed place of residence in Prattville, Autauga County, Alabama, at and before her death, and that, at the time of her death, she was seized and possessed of real property in Hidalgo, Starr and Hill Counties, Texas, and of personal property in Autauga County, Alabama. He further alleged that the will had been admitted to probate in the Court of Probate of Autauga County, Alabama, on January 12, 1970, as shown by the certified copy of the will and the order admitting it to probate attached to the application and made a part thereof for all purposes. It was also alleged that the applicant had already qualified as executor of the will in the probate proceedings in Alabama. Applicant asserted that the Alabama Will was entitled to probate in the State of Texas under the provisions of the Federal Constitution providing that judgments of sister states shall be given full faith and credit in other states. Appellant prayed that letters testamentary be issued to him on decedent's estate and that the probate court revoke the letters testamentary previously issued to appellee.

Thereafter, on March 16, 1970, appellee as independent executor of the Texas Will, filed a contest to the application filed by appellant for the probate of the Alabama Will. He filed two pleas in abatement, the first of which asserted that the probate proceedings in Alabama were not entitled to probate in Texas under the full faith and credit clause of the Federal Constitution for the reason that the proceedings, as filed, did not conform to the requirements of the Texas Probate Code, in that Mrs. Bourland was domiciled in Hidalgo County, Texas, and not in the State of Alabama at the time of her death.

The judge of the County Court at Law of Hidalgo County, Texas, sitting in pro-

bate, at a pretrail hearing on the pleas in abatement, sustained the first such plea, and on May 25, 1970, entered an order, the effect of which was to decree that Mrs. Bourland was domiciled in Hidalgo County, Texas, at the time of her death. Appellant then took an appeal to the District Court of Hidalgo County, Texas. Both parties filed detailed pleadings in the district court and each levelled numerous special exceptions at the pleadings of the other. The district court conducted a pretrial hearing on the various motions, pleadings and exceptions presented by the parties and, on December 7, 1970, entered an order carrying along with the case the plea in abatement that had been sustained by the probate court. All motions and special exceptions that the parties had filed in the district court were overruled.

The case was tried de novo to a jury. Only one special issue, "Do you find from a preponderance of the evidence that at the time of the death of Letha Bourland she had her domicile in Alabama?", was submitted. The jury answered "no". The district court then entered its judgment that "Letha L. Bourland was not domiciled in Prattville, Alabama, at the time of her death and, because of this fact, the probate proceedings of Autauga County, Alabama, concerning the Estate of Letha L. Bourland, are not entitled to the full faith and credit provisions of the United States Constitution in Texas". Appellant has appealed. We affirm.

Appellant's first nine points of error assert that the trial court erred in failing to strike from appellee's answer certain allegations contained therein. His next six points of error complain that the trial court erred in failing to instruct counsel for appellee not to mention, refer to, or introduce evidence in support of certain matters contained in various sections of appellee's answer. None of appellant's first fifteen points can be sustained.

The only language in appellant's motion for new trial that can be claimed to raise the matters complained of in appellant's first through ninth points of error is found in paragraph 1 thereof, which reads as follows:

"1. The Trial Court erred in overruling Appellant's Special Exceptions Nos. 6, 7, 8, 9, 10, 11, 12, 13 and 14, contained in Appellant's 'Answer to Appellee's Pleas in Abatement, Exceptions and Answer'. The reasons set forth in said special exceptions are hereby referred to as though incorporated and set out herein and considered to be a part of this motion. As set forth in said exceptions, the Appellee got before the Court and jury an enlargement·of the appeal. The allegations contained in Appellee's pleading to which Appellant filed exceptions pertained primarily to undue influence and unsound mind, which would have been an enlargement of the issue tried on appeal."

The only language in appellant's motion for new trial that can be claimed to raise the matters complained of in appellant's tenth through fifteenth points of error is found in paragraph 2 thereof, which reads as follows:

"2. The Trial Court erred in overruling Appellant's motion in limini, which motion set forth a request by Appellant that the Court instruct Appellee not to read the irrelevant, immaterial and highly prejudicial matters contained in Appellee's pleadings with regard to undue influence and unsound mind, for the reason that the sole issue on trial in the District Court was the issue of the domicile of the deceased as of the date of her death, to wit, December 9, 1969."

Appellant's first through ninth points of error are not germane to any assignment of error contained in his motion for new trial. Nowhere does appellant make the same complaint in these points or in the statement or argument thereunder that he made in the assignments of error in his motion for new trial. The assignment of error set out in paragraph 1 of the motion

for new trial asserts that the trial court erred in overruling the enumerated special exceptions, while the points of error in the brief complain that the trial court erred in failing to strike portions of appellee's answer. They are not the same.

In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, at page 891 (1960), our Supreme Court said:

"Assignments of error in a motion for new trial which do no more than adopt from or refer in general terms to other motions, etc., do not 'specify', or 'distinctly set forth', or 'clearly identify' a ground of error."

Appellant's assignments of error in paragraph 1 of this motion for new trial complain of nine separate rulings made by the trial court. In paragraph 2 of the motion, appellant directs the attention of the trial court to an oral motion made prior to the voir dire examination of the jury panel. It covered eight pages of the Statement of Facts. It was never reduced to writing and filed with the trial court. Rulings were requested on several different matters.

Rule 320, Texas Rules of Civil Procedure, requires that a motion for new trial shall specify each ground on which it is founded, and no ground not specified shall be considered. There is nothing in either of the above quoted assignments of error that tells the trial court in any explicit or specific manner of any ground of error; such assignments merely refer in general terms to the previous rulings by the trial court. Therefore, the grounds raised in appellant's first through fifteenth points of error were not distinctly specified and set forth in the motion for new trial in such a way so that the points of objection could be clearly identified and understood by the trial court. They were not preserved for appellate review. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943); Wood v. State, 434 S.W.2d 149 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.).

With respect to the overruling of appellant's motion in limine as well as the complaint registered in his tenth through fifteenth points, the record shows that appellant by the testimony which he elicited from his own witnesses brought the issues of undue influence over decedent and testamentary capacity of decedent directly to the attention of the jury. This evidence, presented by appellant in the first instance, was countered by testimony on these subjects from appellee's witnesses. There is no assignment of error in appellant's motion for new trial that the trial court erred in admitting any testimony over the objection of appellant. No such point is brought up in appellant's brief.

The Supreme Court, in discussing the overruling of a motion in limine, in Hartford Accident & Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963), at page 335, said:

"If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal. In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."

It was held in St. Paul Fire & Marine Insurance Co. v. Escalera, 385 S.W.2d 477, 480 (Tex.Civ.App., San Antonio, 1964, wr. ref. n. r. e.):

" . . . Before the overruling of this motion in limine could constitute reversible error at least two things must happen; first, the matter sought to be suppressed must arise during the trial, and the party who originally urged the

motion in limine must make timely objection. . . . "

See also Transport Insurance Company v. Nunn, 375 S.W.2d 484 (Tex.Civ.App., Houston, 1964, wr. ref. n. r. e.) ; State v. Cave, 430 S.W.2d 692 (Tex.Civ.App., Austin, 1968, n. w. h.). Following the rules announced in the foregoing cases, the overruling of appellant's motion in limine did not constitute reversible error, nor do points ten through fifteen reflect reversible error.

■ Regardless of the propriety of the action by the trial court in failing to strike from appellee's answer the portions about which appellant complains (first through ninth points), or in failing to instruct counsel for appellee in the matters requested (tenth through fifteenth points), such error, if any, is not reversible unless harm is shown and unless the error complained about amounted to such a denial of appellant's rights as was reasonably calculated to and probably did cause the rendition of an improper judgment. Rule 434, T.R.C. P.; Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277 (1958) ; Export Insurance Company v. Johnson, 401 S.W. 2d 324 (Tex.Civ.App., Amarillo, 1966, wr. ref. n. r. e.). The portions of appellee's answer that were objectionable to appellant and the contents of appellant's motion in limine dealt exclusively with the alleged incompetency of Mrs. Bourland to make the Alabama Will and the alleged undue influence that was exerted on her by the devisees named therein to make the will. The questions of testamentary capacity to make a will or undue influence were not before the trial court. They are not before us in this appeal and we express no opinion thereon.

However, to say that the rulings by the trial court as complained about in the assignments of error in the motion for new trial, or the failure by the trial court to act as pointed up in the first fifteen points caused the rendition of an improper judgment would require us to conclude from the record that but for such actions on the part of the trial judge the jury would have answered the sole issue respecting domicile in a different manner. It is not enough to conclude or say that the jury might possibly have done so. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S. W.2d 596, 600 (1953). In our opinion, the action by the trial judge was not such as was calculated to cause and probably did cause the rendition of an improper judgment. Appellant has not demonstrated harm. Appellant's first fifteen points have all been considered and are all overruled.

■ When a will has been probated in another jurisdiction, Section 95, Texas Probate Code, V.A.T.S., makes provision for the probate in this State of the foreign will, subject, however, to contest. Section 100 of the Code provides, in part, that "a foreign will or testamentary instrument offered for filing and recording may be contested only upon the ground that the conditions of this Code are not met. . . . "

Section 81 of the Code requires the application for probate of a written will to state the domicile of the deceased and the facts showing that the probate court has venue. Section 88 of the Code requires that the proof for probate show that the court has jurisdiction and venue. Paragraph (a), Section 6 of the Code, fixes venue for the probate of wills in the county where the decedent resided if he or she had a domicile or fixed place of residence in this State.

Appellant has filed the Alabama Will for probate in Texas and seeks ancillary administration in this State. Appellee has contested such application on the ground already stated. At the time the Alabama Will and the order of the probate court in Alabama admitting it to probate were filed in the probate court of Hidalgo County, Texas, the Texas Will of Mrs. Bourland had already been admitted to probate by that court. Such order has not been challenged directly by appellant even though in his application he does allege " . . .

the granting of the Letters Testamentary to Leonard C. Hanes should be revoked and the will of September 4, 1969, should be found to be the Last Will and Testament of the said Letha L. Bolton Bourland".

The rule is well settled in this State that in an appeal to the District Court from probate matters originating in the County Court, the issues tried de novo in the District Court must be confined to those involved in the order or ruling of the probate court that is appealed. No enlargement of the issues tried in the probate will be permitted on appeal to the District Court. Olds v. Traylor, 180 S.W.2d 511, 518 (Tex.Civ.App., Waco, 1944, wr.ref.); In re Martin's Estate, 284 S.W.2d 279 (Tex.Civ.App., El Paso, 1955, wr.ref.n.r.e.); Brewer v. Brewer, 237 S.W.2d 369 (Tex. Civ.App., Dallas, 1951, n.w.h.).

The sole issue in this case that was appealable to the District Court was the domicile of Mrs. Bourland at the time of her death. Leatherwood v. Stephens, 24 S.W.2d 819, 824 (Tex.Comm.App., 1930); Frantz v. Frantz, 406 S.W.2d 745 (Tex. Civ.App., Amarillo, 1966, n.w.h.).

This case is controlled by the rule announced in Holland v. Jackson, 121 Tex. 1, 37 S.W.2d 726, 727 (1931), where it was said:

" . . . It is fairly well settled by the weight of authority in this country that jurisdiction of the original probate of a will is possessed exclusively by the courts of the state where the testator was domiciled when he died. When the will is regularly probated there, the constitutional provision under consideration requires all sister states to give full faith and credit to the order of probate as verifying the instrument. In such a case, the question of authenticity of the instrument would be res adjudicata; but the question as to the legal effect of the instrument would not be. Inasmuch, however, as jurisdiction of original probate depends on the domicile of the testator, the question of domicile is always open for reexamination whenever full faith and credit is demanded in one state for an order of probate entered in another state. . . ."

The above rule has not been changed or modified in any way and has been followed consistently by the courts of this State and has been cited by the federal courts as being the law in Texas today. See DeTray v. Hardgrove, 52 S.W.2d 239 (Tex. Comm.App., 1932); Barney v. Huff, 326 S.W.2d 617 (Tex.Civ.App., Austin 1959, wr.ref.n.r.e.); Jones v. Jones, 301 S.W.2d 310, 317 (Tex.Civ.App., Texarkana 1957, wr.ref.n.r.e.); Diehl v. United States, 438 F.2d 705, 709 (5th Cir. 1971); 20 A.L.R.3d 1043.

Therefore, applying the rule of Holland v. Jackson, supra, to the case at bar, if Mrs. Bourland was domiciled in Alabama at the time of her death, the trial court was bound to give full faith and credit to the probate entered in that State. If, however, she was domiciled in Texas at the time in question, then the order of the Alabama probate court was not entitled to full faith and credit in this State. The issue of domicile was submitted to the jury; its answer, as already noted, was adverse to appellant.

■ The record before us does not show that appellant made any objections to the charge of the court. Appellant raises "no evidence" and "factual insufficiency of the evidence" in his sixteenth and seventeenth points. In view of both law and fact questions presented by these points we have reviewed the entire record in this case. In considering the law question of "no evidence" to support the answer of the jury to the issue submitted we follow the rule set out by our Supreme Court in Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965) and consider only the evidence and the inferences favorable to the jury's answer and disregard all evidence and inferences to the contrary. With respect to the contention that the evidence is factually in-

sufficient to support the jury findings we must review and consider the evidence in its entirety. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). It must clearly appear that the jury answers are wrong before the appellate court may set them aside. Missouri-Kansas-Texas R. Co. of Texas v. Anderson, 258 S.W.2d 375 (Tex. Civ.App., Waco, 1953, wr.ref.n.r.e.); State v. Dehnisch, 437 S.W.2d 46 (Tex.Civ.App., Corpus Christi, 1968, n.w.h.).

The testimony bearing on the question of domicile of Mrs. Bourland at the time of her death is voluminous. We do not set such evidence out in detail. We have, however, carefully examined the record and find that there is testimony which is sufficient to raise the fact issue as to the domicile of the testatrix. The evidence shows that Mrs. Bourland moved to Mc-Allen, Texas, in the late 1930's and established a home there, which she owned at the time of her death. It is undisputed that her domicile and fixed place of residence was in Hidalgo County, Texas, until May 9, 1969, when she left McAllen, and went to the State of Alabama in the company of appellant. Appellant contends that Mrs. Bourland left McAllen, Texas, on that date with the intention of permanently changing her domicile and fixed place of residence to his home in Alabama. Appellee disputes such contention and asserts that she did not intend to change her domicile. There is evidence in the record that sometime after April 3, 1969, Mrs. Bourland said that appellant had invited her to his home in Alabama for a nice visit and that she intended to make such a visit and would be gone from four to six weeks. There is also testimony that Mrs. Bourland, prior to May 9, 1969, said that she was considering going to Alabama to live with appellant for the rest of her life. The decedent and appellant returned to McAllen, Texas, in October 1969, where she remained for a short time. During this interval, she spent at least one night in her home in McAllen, Texas, which was still furnished with her own furniture.

This home was not disturbed in any way and Mrs. Bourland's furniture remained in the home until after her death. While in McAllen, in October 1969, the record shows that Mrs. Bourland was asked if she was going back (to Alabama) with appellant of her own free will and accord. Several witnesses, who heard the question, testified that Mrs. Bourland answered "No". Concerning this question, appellant's daughter-in-law testified that Mrs. Bourland's answer was "No, I don't want to, but Billy is making me". This witness (the daughter-in-law) then explained that she thought that Mrs. Bourland meant that she wanted to stay in McAllen until Saturday rather than leaving on Thursday. There is other evidence in the record that bears on the question of domicile. The members of the jury were the sole judges of the credibility of the witnesses and the weight to be given their testimony. They are the exclusive judges of controverted issues of fact raised by the evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Garza v. Anderson, 417 S.W.2d 368, 371 (Tex.Civ.App., Corpus Christi 1967, n.w.h.); Bradford v. Fort Worth Transit Company, 450 S.W.2d 919, 928 (Tex.Civ.App., Ft. Worth 1970, wr.ref.n.r. e.). The jury found that the domicile of Mrs. Bourland was not in Prattville, Alabama. Such finding cannot be disturbed for there is ample evidence of probative value to support the fact finding made by the jury. It being determined by the jury that Mrs. Bourland was not domiciled in Prattville, Alabama, at the time of her death, the conditions of the Texas Probate Code are not met by the Alabama proceedings, and the trial court was not bound to give full faith and credit to the probate order entered in Alabama. Appellant's sixteenth and seventeenth points are overruled.

The judgment of the trial court is affirmed.

SHARPE, J., not participating.