

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | No. 08-23-00072-CV |
|---|---|---|
| IN THE ESTATE OF | § | Appeal from the |
| GEORGINA A. DE CHAVEZ, | § | Probate Court No. 2 |
| Deceased. | § | of El Paso County, Texas |
| | § | (TC# 2016-CPR00081) |

## MEMORANDUM OPINION

The genesis of this appeal is an apparent conflict between a decedent's will executed in the United States, and another will executed in Mexico. Appellant Alfonso Chavez, Jr. attempted to probate his mother's purported last will that was executed in Mexico with Probate Court No. 2 for El Paso County, Texas. Six years earlier, Appellee Alfonso Chavez Pacheco, the decedent's husband and Appellant's father, had admitted to probate in the same court a different will that was executed in Texas. For clarity, we refer to Alfonso Chavez, Jr. as "Alfonso" and Appellee Alfonso Chavez Pacheco as "Dr. Pacheco." The probate court dismissed Alfonso's application to probate the Mexico Will by granting Dr. Pacheco's Rule 91a motion to dismiss. The probate court additionally awarded attorney's fees and costs against Alfonso. He appeals, claiming that the probate court erred: (1) in acting on the belief that the award of attorney's fees and costs is mandatory under Rule 91a; (2) in assessing those fees and costs against him personally; (3) in

looking outside the pleadings in ruling on the motion to dismiss; and (4) in granting the motion to dismiss. Because we ultimately find that the live, amended pleading is baseless in law, we affirm.

## STATEMENT OF FACTS[1]

Georgina A. De Chavez died a domiciliary of El Paso, Texas on January 8, 2016. In March of 2016, her 1997 will—which named her husband, Dr. Pacheco, as the executor of her estate— was admitted to probate. The 1997 will contains language designating it the "United States Will,"[2] and it contemplates the making of a separate will that would govern Georgina's real and personal property located in Mexico.[3] What we refer to as the "Mexico Will" was executed under Mexican procedures in 2005, and it was recognized by a Mexico probate court as Georgina's last will in December of 2021.

The Mexico Will and the Texas Will make different dispositions of Georgina's property. While the Texas Will makes certain bequests to Dr. Pacheco and the couple's three children, the Mexico Will designates Georgina's three children as the "sole and universal heirs of all her property." Dr. Pacheco is named as executor of the estate under the Mexico Will but was not named as a beneficiary. Additionally, the Mexico Will makes no distinction between property owned in the United States and property owned in Mexico. It also revokes all prior wills.

---

[1] As we explain below, Rule 91a requires a court to consider only the pleading for the cause of action being challenged and those limited documents which might be attached and considered with the pleading under Tex. R. Civ. P. 59. The parties cite to a great deal more from the Clerk's and Reporter's Record, which we reference only for the limited purpose of providing context to some of the arguments raised. To be clear, our decision is based only on what we are permitted to consider under Rule 91a.

[2] For clarity, we adopt the parties' designation of this will as the "Texas Will."

[3] Specifically, the Texas Will made explicit that "If there [was] any conflict between [her] Mexican Will and [the Texas Will], [the Texas] Will shall control as to all assets located in the United States, and [her] Mexican Will shall control as to all assets located outside the United States."

## A. Alfonso attempted to probate the Mexico Will in Texas

In June 2022, some six years after the probate of the Texas Will, Alfonso filed an Application to probate the Mexico Will as a muniment of title (Original Application). His Original Application attached a copy of the Mexico Will. In August of 2022, Alfonso filed an Amended Application for Ancillary Probate of Foreign Will (Amended Application). The Amended Application states that it attaches the Mexico Will and an order from a Mexican Court admitting it to probate. No actual attachments, however, were included with the pleading.

Both the original and amended applications to probate the Mexico Will allege that Georgina was a domiciliary of Texas at the time of her death; that her estate is valued above $500,000; that the Mexico Will is an unrevoked written will dated April 30, 2005, and was witnessed by three subscribing witnesses; that the will was notarized by an authorized notary public in Mexico; and that the original of the Mexico Will is on file with the "notaria publica" in Mexico pursuant to Mexican law. Both pleadings list Georgina's three children as sole beneficiaries under the Mexico Will and assert there are no charitable bequests, nor are there outstanding debts, barring liens on real property, to be paid from the estate. Further, both pleadings assert that the Mexico Will was made "self-proved as required by Section 251.101 of the Texas Estates Code."

However, the Original Application and Amended Application invoke different sections of the Texas Estates Code to justify the admission of the Mexico Will to probate in Texas. The Original Application seeks to probate the Mexico Will as a muniment of title.[4] But the Amended

---

[4] By definition, a muniment of title is "[d]ocumentary evidence of title, such as a deed or a judgment regarding the ownership of property." *Muniment of Title*, BLACK'S LAW DICTIONARY 1038 (7th ed. 1999). One purpose for probating a will as a muniment of title "is to provide continuity in the chain of title to estate properties by placing the will on the public record." *In re Est. of Kurtz*, 54 S.W.3d 353, 355 (Tex. App.—Waco 2001, no pet.). Generally, an applicant must file a will as a muniment of title within four years of the testator's death. *See* Tex. Est. Code Ann. § 257.054 (requiring proof that four years have not elapsed since the date of testator's death to probate as muniment of title). But if an applicant can show they were not in "default," they may file the will after the four-year deadline. *See Matter of Estate of Masters*, 659 S.W.3d 145, 151 (Tex. App.—El Paso 2022, no pet.). Here, the Original

Application seeks to admit the Mexico Will to probate only under § 501.001 of the Texas Estates Code. That section permits the probate of a foreign will of a testator who was not domiciled in the state at the time of death if (1) the will would affect property in the state, and (2) the proponent presents proof that the will was probated in any other U.S. state or foreign nation. Tex. Est. Code Ann. § 501.001.

### B. Dr. Pacheco opposes the filing

Dr. Pacheco filed an opposition to the Amended Application and a separate motion to dismiss under Texas Rule of Civil Procedure 91a.[5] Both motions set out similar legal arguments. In his motion to dismiss, Dr. Pacheco argued the following reasons why Alfonso's application to probate the Mexico Will should be denied as baseless in law and fact:

- Because Georgina was domiciled in Texas at the time of death, the Mexico Will cannot be probated as a foreign will under Chapter 501 of the Texas Estates Code.

- The Mexico Will does not comply with the requirements of § 251.001 of the Texas Estates Code and cannot be admitted as a muniment of title because it is not a statutory will.

- Limitations bar the probate of the Mexico Will: all appellate deadlines to challenge the probate of the Texas Will have passed, and it has been more than four years since Georgina's passing.

- The Texas Will expressly provides that the Mexico Will governs property in Mexico while the Texas Will governs property located in Texas.

- While the Mexico Will purports to dispose of Georgina's separate property, she held all property in Texas under a community property regime and had no separate property in Texas.

- Georgina's real and personal property in Texas has already been distributed for more than four years in accordance with the terms of the Texas Will.

---

Application asserted this theory and exception by explaining why Alfonso was not in default. But as we note, the Amended Application drops all reference to muniment of title and the issue of default.

[5] The Rule 91a motion was titled "Motion to Dismiss Application For Copy of Foreign Will Not Produced in Court as Muniment of Title After Four Years Under Rule 91a". Although based on the title, the motion to dismiss appears to address only the Original Application, but it addresses the substance of both the original and amended applications to probate the Mexico Will.

- Alfonso is estopped from accepting benefits under Georgina's wills and then making claims contrary to his benefits.

Dr. Pacheco requested that the applications be dismissed and that he be awarded reasonable and necessary attorney's fees and costs.[6]

### C. Alfonso's response to the Rule 91a motion to dismiss

Alfonso filed a response to Dr. Pacheco's motion to dismiss that attached four documents. He attached the Texas Will and the Mexico Will. He also attached the transcript of a March 2016 hearing on the Application to Probate the Texas Will for the purpose of showing Dr. Pacheco's attorney told the court there were no other wills. Finally, he attached documents from a lawsuit in Mexico that assert the Mexican Will revokes all prior wills and disposes of property in the United States. In sum, Alfonso argued the Texas Will was revoked, and probating the Mexico Will in Texas is "clearly permitted by Section 501.001 of the Texas Estates Code," as that section permits the admission of a foreign will into probate.

### D. The probate court's hearing and ruling

At the hearing, aside from the attorney's argument, the court accepted exhibits, and took testimony from Alfonso and his sister. Two exhibits, admitted by Alfonso without objection, include a translated copy of the Mexico Will, and records of the clerk's office from the Mexico proceedings. Two other exhibits, introduced by Dr. Pacheco, include Alfonso's response to the Rule 91a motion and a letter notifying Alfonso that the Texas Will was being probated. Dr. Pacheco's attorney called Alfonso to provide live testimony. Alfonso testified to several facts that were absent from his Amended Application.[7]

---

[6] Dr. Pacheco also filed an answer where he raises affirmative defenses that include "[l]imitations; inapplicability [of] Chapter 501 of the Texas Estates Code . . .; expiration of Appellate deadlines relating to the 2016 Order Probating the Texas Will; and Estoppel."

[7] For example, he testified that he was aware of the proceeding to probate the Texas Will in 2016; that he became aware of the Mexico Will in the summer of 2016; that he was not physically present at the will reading in Mexico but had an attorney present as a proxy; and that in 2020, he discovered that the wills were different.

The arguments and evidence at the hearing, while far reaching, also included discussion of whether a foreign will could be admitted in an ancillary proceeding under § 501.001 in a Texas probate proceeding when the decedent was domiciled in Texas on the date of death.[8] The probate court granted Dr. Pacheco's motion to dismiss. The court's order embraces the original and amended applications, as it specifically states the court has considered and denies Alfonso's Original Application and his Amended Application. In support of its ruling, the court found the following:

1. That Section 501.001 of the Texas Estates Code is applicable [sic] in this Case because that Section requires that the Testator NOT be domiciled in the State of Texas at the time of the Testator's death;

2. That all Appellate Deadlines for Objecting to the 2016 Order Probating the Texas Will have expired;

3. That Alfonso E. Chavez knew about the Texas Will since 2016 and was present at the reading of the Will and also had representation present in Chihuahua Mexico;[9] and

4. That the Pleadings of Alfonso E. Chavez have no basis in law or in fact.

---

[8] Dr. Pacheco's attorney argued:

> MR. POWELL: . . . The biggest problem, though, is 501.001. You can't bring the will from Mexico into Texas. The written will: a testator who is not domiciled in this state. She was domiciled in this state, period.

> THE COURT: Well, that's how I read 501.

> MR. POWELL: That's it, Judge. That's it. You're not getting past that.

Alfonso's attorney responded:

> MR. NEILL: . . . Now, another thing I'd like to point out to the Court is if the Court interprets 501.001 as requiring to be a domiciliary of Texas to be of legal effect, the very next statute allows you to file the judgment from the foreign probate proceeding in the Deed Records of El Paso County and give it legal effect. So that is -- this issue isn't going away whether or not the application is granted or not.

[9] This fact was not alleged in Alfonso's amended application. It is not appropriate to make findings of fact in the context of a Rule 91a proceeding. *Harpole v. Rains Cnty. Appraisal Dist.*, No. 12-22-00221-CV, 2023 WL 3510829, at *6 (Tex. App.—Tyler May 17, 2023, no pet.) (mem. op.) (citing *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997)).

After a separate hearing on attorney's fees and costs, the probate court ordered that Alfonso reimburse Dr. Pacheco $15,000.

On appeal, Alfonso asserts four points of error. First, he argues that the trial court erred in holding that the award of attorney's fees was mandatory upon granting the Rule 91a motion to dismiss. Second, he argues that the probate court erred in awarding attorney's fees and costs against him personally, as he was a represented party. Third, Alfonso complains that the trial court erred in considering evidence outside the pleadings in ruling on the motion to dismiss. And finally, Alfonso argues it was error for the probate court to find that his cause of action was baseless. We address each issue out of order.

## STANDARD OF REVIEW AND APPLICABLE LAW

Under Rule 91a, a party may "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1; *see also* Tex. Gov't Code Ann. § 22.004(g) ("The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence."). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. In contrast, "[a] cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*.

In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6; *Strickland v. iHeartMedia, Inc.*, 665 S.W.3d 739, 742 (Tex. App.—San Antonio 2023, pet. denied). Rule 59 allows that only certain types of documents may be attached to or otherwise made a part of a pleading. Tex. R. Civ. P. 59 ("Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in

7

part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings . . . . No other instrument of writing shall be made an exhibit in the pleading.").

"We review the merits of a Rule 91a motion de novo." *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *Aguilar v. Morales*, 545 S.W.3d 670, 676–77 (Tex. App.—El Paso 2017, pet. denied) ("[B]oth determinations of whether a cause of action has any basis in law and in fact are legal questions[.]"). "[W]e consider whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that the pleader is entitled to the relief requested." *Strickland*, 665 S.W.3d at 741. Because of the harsh remedy provided, Rule 91a is strictly construed. *Darnell v. Rogers*, 588 S.W.3d 295, 304 (Tex. App.—El Paso 2019, no pet.).

Some affirmative defenses might also be raised through a Rule 91a motion, but they must stand or fall on the petition being attacked (and the attachments to that petition under Rule 59). "A cause of action may be dismissed if the facts alleged in the plaintiff's petition establish the defendant's affirmative defense." *Strickland*, 665 S.W.3d at 742 (citing *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020)). In that situation, a court may look to a defendant's answer to determine whether the defense is properly before the court. *Bethel*, 595 S.W.3d at 656. Even so, Rule 91a's limited scope of review still controls on factual inquiries. *Id*. (recognizing that "some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition.").

## ANALYSIS

### A. What is the live pleading?

We first address which pleadings may be considered as part of the motion to dismiss. Alfonso filed an Original Application. Then, and before any response from Dr. Pacheco, Alfonso filed an Amended Application. The pleadings differed both in legal theory (muniment of title in Original and § 501.001 in the Amended) and in attachments (the Mexico Will in the Original,

nothing in the Amended). Dr. Pacheco's motion to dismiss, filed two months after the Amended Application, addresses both the original and amended applications. The probate court's order states that the court considered both applications, and it separately denies both applications.

Rule 91a.5 requires that any amendments to the challenged cause of action be made at least three days before the motion-to-dismiss hearing for the court to consider the amendment in ruling on the motion. Tex. R. Civ. P. 91a.5(c). Additionally, "[a] plaintiff's timely filed amended pleading supersedes all previous pleadings and becomes the controlling petition in the case regarding theories of recovery." *Encore Enterprises, Inc. v. Borderplex Realty Tr.*, 581 S.W.3d 347, 362 (Tex. App.—El Paso 2018, no pet.) (quoting *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Because the Amended Application was timely filed and superseded the Original Application, the probate court could only consider the Amended Application as the live pleading in ruling on the motion to dismiss. Tex. R. Civ. P. 65 (stating amended instrument replaces original instrument); *See Parker v. Ohio Development, LLC*, No. 04-23-00069-CV, 2024 WL 1864756, at *3 (Tex. App.—San Antonio Apr. 30, 2024, no pet. h.) (mem. op.) (considering only plaintiff's last amended petition in Rule 91a proceeding because it was timely filed and superseded previous petitions). We therefore restrict our analysis to the Amended Application.

## B. Evidence outside the amended application

First, we address Alfonso's argument that the probate court erred in relying on testimony elicited at the motion-to-dismiss hearing. In deciding Rule 91a motions to dismiss, courts are restricted to the party's pleading of the cause of action, together with any exhibits permitted under Rule 59 of the Rules of Civil Procedure. Tex. R. Civ. P. 91a.6. All allegations asserted in the pleading are taken as true, and courts may not consider facts or other evidence outside the pleading. *Id.*; *Bethel*, 595 S.W.3d at 655.

9

At the hearing below, both sides admitted exhibits and elicited testimony. Neither party objected to the evidence or testimony based on Rule 91a.6.[10] Alfonso's own counsel elicited part of that testimony, as did the probate court. In one sense, Alfonso's introduction of evidence and volunteered testimony operates as invited error—a party can hardly introduce evidence and then complain about its admission. *See Berry v. Segall*, 315 S.W.3d 141, 143 (Tex. App.—El Paso 2010, no pet.) ("The doctrine of invited error provides that a party may not complain of an error which he has invited."). But we need not resolve that issue, because the exhibits and testimony all relate to grounds in the Rule 91a motion that we need not reach. That is, there is a dispositive ground in the Rule 91a motion, expressly accepted by the probate court, that is not dependent on any of the exhibits or testimony offered at the hearing. Thus the admission of any exhibits or testimony is harmless and we overrule Alfonso's third issue for that reason alone.

## C.  Merits of the dismissal

The court determined Alfonso's application lacked a factual and legal basis because (1) § 501.001 of the Texas Estates Code is inapplicable here, and (2) all appellate deadlines to challenge the 2016 probate order have lapsed. Because we find the court was correct in dismissing the pleading for lacking a basis in law, we focus our analysis on that prong of the Rule 91a standard. A cause of action has no basis in law if something in the pleading itself triggers a clear bar to the claim. *See Darnell*, 588 S.W.3d at 301 ("[I]f nothing in the pleading itself triggers a clear legal bar

---

[10] Some courts have recognized that the preservation requirements of Texas Rule of Appellate Procedure 33.1 apply to Rule 91a.6. *See Owings v. Kelly*, No. 07-20-00115-CV, 2020 WL 6588610, at *2 n.1 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.) (citing *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at *5 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.)) (noting appellants' failure to object to the court's request of evidence at the motion-to-dismiss hearing resulted in waiver of any complaint they had of that request on appeal); *cf. Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *7 (Tex. App.—Dallas Nov. 7, 2022, pet. denied) (mem. op.) (holding the recitation of the Rule 91a standard of review to the trial court in a response to a motion to dismiss was sufficient to preserve error); *but see Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *6, 8 (Tex. App.—Dallas May 31, 2023, no pet.) (implicitly rejecting the applicability of preservation rules to Rule 91a proceedings by limiting its review to the face of the plaintiff's pleading even though both sides attached evidence to their Rule 91a filings and urged the lower court to consider the evidentiary value of those attachments without objection).

to the claim, then there is a basis in law and the motion should be denied."). We therefore determine if probating the Mexico Will in an Ancillary Proceeding in a Texas court is barred by the allegations in the Amended Application.

Alfonso's Amended Application seeks to probate the Mexico Will only under § 501.001 of the Texas Estates Code. That section, pertaining to "Ancillary Probate of Foreign Will[s]," provides that the will of a testator "*who was not domiciled in [Texas] at the time of the testator's death* may be admitted to probate . . . if: (1) the will would affect any property in [Texas]; and (2) . . . the will stands probated or otherwise established in . . . a foreign nation." Tex. Est. Code Ann. § 501.001 (emphasis added). Alfonso's Amended Application alleges Georgina was domiciled in El Paso, Texas at the time of her death. Taking that allegation in the pleading as true, we hold that this admission triggers a complete bar to probating the Mexico Will under § 501.001, which does not apply to decedents who were domiciled in Texas. And because the Amended Application pursues no other avenue for probating the Mexico Will, we hold it was appropriate for the court to grant Dr. Pacheco's motion to dismiss.

The dismissal of the § 501.001 cause of action comports with what that section was intended to accomplish. Section 501.001 provides a procedural mechanism that simplifies the probate of foreign wills in Texas by avoiding all the formal requirements of an original proceeding to probate a will. *See Haga v. Thomas*, 409 S.W.3d 731, 737 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (analyzing the analog statute in the Probate Code); Tex. Est. Code Ann. § 501.002 ("An application for ancillary probate . . . of a foreign will . . . is required to indicate only that probate in this state is requested on the basis of the authenticated copy of the foreign proceedings in which the will was admitted to probate[.]"). So where a testator who was domiciled in another jurisdiction owns property in Texas, the testator's foreign will that has been admitted to probate in that other jurisdiction may be admitted to probate in Texas under § 501.001. Tex. Est.

Code Ann. § 501.001; *Holland v. Jackson*, 37 S.W.2d 726, 728 (Tex. 1931) (holding sister states must give full faith and credit to an order probating a will in state where testator was domiciled). Once probated in Texas, the foreign will is effective to dispose of the testator's property in Texas, just as any other will. *Id.* § 501.007; *see also Haga*, 409 S.W.3d at 737 (stating only an ancillary court in Texas has jurisdiction to administer real property located in Texas). The obvious caveat is that the testator must have been domiciled in another jurisdiction. *See Bourland's Estate v. Hanes*, 474 S.W.2d 592, 598 (Tex. App.—Corpus Christi 1971, no writ) (holding probate orders of another jurisdiction are not entitled to full faith and credit in Texas if decedent was domiciled in Texas, where the courts of this state have exclusive jurisdiction over the original probate of a will). Alfonso's pleading admits that is not the case, which is why § 501.001 simply does not apply here.

Moreover, as Dr. Pacheco argued, the period for probating the Mexico Will has expired. Proponents of a will have four years from the decedent's death to probate a will unless the proponent of the will was not in default for failing to probate the will within the prescribed period. Tex. Est. Code Ann. § 256.003. Alfonso's petition alleges that Georgina died January 8, 2016. Thus, the period for probating her Mexico Will expired four years thereafter, in January of 2020. Alfonso's application to probate the will was filed in August of 2022. To the extent that there is some basis to avoid that limitation period, Alfonso carried the burden of raising the issue. But the Amended Application alleges no facts to raise any theory to avoid limitations.[11] His application to probate the Mexico Will is consequently time-barred. *See Bethel*, 595 S.W.3d at 656 (plaintiff's

---

[11] The Original Application and in his response to the motion to dismiss, Alfonso alleges that he did not have possession of the Mexico Will or knowledge of its contents when the Texas Will was probated. He also alleges his father knew of the Mexico Will but failed to apprise him of this fact. But these allegations do not appear in the Amended Application, which is the only petition that should have been at issue in the Rule 91a hearing. *See Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *4 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) ("A plaintiff's timely filed amended pleading supersedes all previous pleadings and becomes the controlling petition in the case regarding the theories of recovery.").

12

pleading established all that was necessary for immunity defense); s*ee In re Springs Condominiums, L.L.C.*, No. 03-21-00493-CV, 2021 WL 5814292, at *3 (Tex. App.—Austin Dec. 8, 2021, no pet.) (mem. op.) (noting plaintiff did not allege the discovery rule or another tolling issue that would affect the statute of limitations in a Rule 91a proceeding).

Alfonso's brief makes a host of other arguments, such as fraud, or matters that might be appropriate in a will contest, or facts germane to answering the statute of limitations defense. But none of these issues are raised by the facts asserted in the Amended Application or the single legal theory that it asks the probate court to rule on: whether the Mexico Will can be admitted in an "ancillary probate" proceeding. Because those matters are not part of the Amended Application, and that is the pleading that is struck, they are not before us.

### D. Attorney's fees and costs

Alfonso's first two issues challenge the award of attorney's fees and costs. First, Alfonso argues that it was error for the court to award fees and costs based on Dr. Pacheco's claim that the award was mandatory. To this point, we find no indication in the trial court's order or elsewhere that the court's decision to award attorney's fees and costs was based on counsel's argument that this award was mandatory. The award of attorney's fees and costs is a discretionary decision. Tex. R. Civ. P. 91a.7 (". . . the court may award the prevailing party on the motion all costs and reasonable and necessary attorney's fees . . . "); *1st and Trinity Super Majority LLC v. Milligan*, 657 S.W.3d 349, 377 (Tex. App.—El Paso 2022, no pet.). But without proof that the court acted out of compulsion, instead of simply exercising its discretion, we overrule issue one.

Second, Alfonso argues it was error for the court to assess those fees against him personally, as he was a represented party at the time. This argument is based on Chapter 10 of the Texas Civil Practice and Remedies Code. That chapter governs sanctions for frivolous pleadings and allows a court to sanction a person, a party represented by a person, or both if a person has

signed a pleading or motion in violation of the enumerated grounds in that section. Tex. Civ. Prac. & Rem. Code Ann. § 10.001–.002. And under that chapter, a court may not order sanctions against a represented party for frivolous pleadings alone. *Id.* § 10.004. Even so, Chapter 10 of the Civil Practice and Remedies Code is not relevant here, where Texas Rule of Civil Procedure 91a.7 clearly allows the court to award attorney's fees and costs to the prevailing party without a similar limitation. *Cf. Envision Realty Group, LLC v. Chuan Chen*, No. 05-18-00613-CV, 2020 WL 1060698, at *7 (Tex. App.—Dallas Mar. 5, 2020, no pet.) (mem. op.) (holding Rule 91a.7 prohibits the award of costs and attorney's fees against the attorney of a represented party and distinguishing this rule from Texas Rule of Civil Procedure 13 and § 10.004 of the Texas Civil Practice and Remedies Code). Thus, we hold the court did not err in ordering Alfonso reimburse Dr. Pacheco his attorney's fees and costs. This issue is overruled.

## POST APPEAL MOTIONS

While this appeal was pending, Alfonso filed a "Motion for Spoliation and Summary Judgment" with this Court.[12] As we best understand the motion, Alfonso argues in seven separate issues that the appellate record is defective due to spoliation, that the lower court overlooked his concerns about the record's integrity, that prejudicial harm resulted from the defects in the record and the court's alleged oversight, and that the Mexico Will is a valid will. He asks this Court to render summary judgment in his favor. There are no rules governing summary judgment motions in appellate courts. *See generally* Tex. R. App. P. 10 (governing motions in appellate courts). And appellate courts do not have original jurisdiction over these matters. *See generally* Tex. R. App. P. 52 (listing the types of original proceedings appellate courts may entertain, none of which are summary judgment proceedings). Further, none of the record-integrity arguments that Alfonso

---

[12] Alfonso was represented below by counsel but is representing himself on appeal.

14

makes affect the single issue which we find dispositive of this appeal. We therefore deny Alfonso's motion without reference to its merit.

And after the briefing was completed in this appeal, Alfonso filed a motion asking this court to take judicial notice of an upcoming trial proceeding in Mexico and that the court in Mexico has issued a second Letter Rogatory that is forthcoming. We deny the motion because even assuming that we could and did grant the relief sought, it would not affect the ground upon which we decide this appeal. Any other pending motion is denied as moot.

## CONCLUSION

We hold that the probate court properly granted Dr. Pacheco's motion to dismiss under Rule 91a on the ground discussed above. As such, we overrule all of Alfonso's issues and affirm.

JEFF ALLEY, Chief Justice

June 21, 2024

Before Alley, C.J., Palafox, J., and Gabriel, J., (Senior Justice, Ret.)
Gabriel, J., (Senior Justice, Ret.) sitting by assignment